original

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

STEVEN M. HUNTER
Inmate Number 03704017
Plainiff,

FILED

JUN - 1 2004

TERESA L. DEPPNER, CLERK
U.S. District & Bankruptcy Courts
Southern District of West Virginia

5:04-0542

v.

MARTIN C. ANDERSON
RICHARD RUSSELL
SUE ENGLES
WILLIAM HUTCHINGS
ANDREW BONAT
MATT MIDGLEY
DAVE FARLEY
VICKEY BLANKENSHIP
KEN KEISER
RICHARD FOSTER
DARRELL PRITT
Dr. MCLAIN
MICHAEL D. MURRAY
HARLEY LAPPIN
TOM CLIFTON
BILL B[illegible]
Dr. [illegible]
[illegible] B[illegible]
CHAPLAIN LANE
JOHN [illegible]
JEFF JAMES
DAN [illegible]

COMPLAINT

I. Previous Lawsuits

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?

Yes ____ No X

B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline).

1. Parties to this previous lawsuit
Plaintiffs: N/A

Defendants: N/A

2. Court (if federal court, name the district; if state court, name the county):

N/A

3. Docket Number: N/A

4. Name of Judge to whom case was assigned: N/A

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending)?

N/A

6. Approximate date of filing lawsuit:

N/A

7. Approximate date of disposition:

N/A

II. Place of Present Confinement:
FCI Beckley P.O Box 350 W V 25813

A. Is there a prisoner grievance procedure in this institution?

yes X NO ____

B. Did you present the facts relating to your complaint in the state grievance procedure?

Yes ___ No X

C. If your answer is YES:

1. What steps did you take?
N/A

2. What was the result?
N/A

D. If your answer is NO, explain why not: The prison official keep refusing to provide me the proper Administrative remedies forms ignoring and interferring with my attempts to do so.

III. Parties

(In item A below, place your name and registration number in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any).

A. Name of Plaintiff: Steven m. Hunter # 03704017

Address: FCI Beckley, P.O. Box 350 W.V. 28513

B. Additional Plaintiffs and Address. N/A

(In item C below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item D for the names, positions, and places of employment of any additional defendants).

C. Defendant Marty C. Anderson is employed as the warden at FCI Beckley P.O. Box 350, Beaver, W.V. 28513

D. Additional defendants: Richard Russell, is employed as a Associate warden at FCI Beckley, SUE Engles, is employed as a Associate

Warden, at FCI Beckley, William Hutchings, is employed as the Captain, at FCI Beckley, Andrew Ronat, is employed as a Unit Manager, at FCI Beckley, Matt Midgley, is employed as a Correctional Counselor, at FCI Beckley, Dave Farley, is employed as the Supervisor of Education at FCI, Beckley, Vickey Blankenship, is employed as the Principal of Education at FCI Beckley, Ken Keiser, is employed as a Physician Assistant at FCI Beckley, Richard Foster, is employed as an Correctional officer at FCI Beckley, Darrell Pritt, is employed as an Correctional officer at FCI Beckley, Mr. Lang, is employed as an Chaplain at FCI Beckley, Mr. Blain is employed as an Chaplain at FCI Beckley, Michael D. Murray, is employe as the Residental Drug coordinator at FCI Beckley, Bill Burlington is employed as the Regional counsel for FCI Beckley, Dr. Mclain, is employee as the medical Director at FCI Beckley, Harley Lappin is employee as the Director of the Federal Bureau of Prison Central office

in Washington D.C, Doctor Ellis is employed as Chief of Psychology, at FCI Beckley, John [illegible] is employed in the Population Managment Department at the Federal Bureau of Prison Mid-Atlantic Regional Office, Harley Lappin is employed as the Director of the Federal Bureau of Prison, Jeff James is employed as an Correctional Officer at FCI Beckley and Dan Greenwalt is employed as the Food Service Director at FCI Beckley.

IV. Statement of Claim

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheet if necessary).

1. The Administrative Remedies is inadequate and ineffective where the Prison officials has knowingly and [illegible] ignored and interfered and continues to ignore and interfer with plaintiff attempts to pursue and exhaust his Administrative Remedies. Plaintiff has submitted more than one-hundred (100) request to Prison Officials, and [illegible] presenting his complaints to Prison officials more than Fifty (50) times. As well as [illegible] Administrative Remedy Forms.

Defendant Anderson is involved were he is the Warden where he is responsible for the Administrative Remedy Program. As well as the fact that plaintiff has submitted him more than sixty cop-out about the [illegible] of all of the complaints stated in this complaint, and the fact that plaintiff attempts to exhaust his Administrative Remedies is being ignored and interfere with by Prison officials.

Defendant [illegible] is involved where she is the [illegible] Warden, where plaintiff has submitted more than fifty cop-outs to [illegible]

about his attempts to pursue and exhaust his Administrative remedies is being ignored and interfered with.

Defendant Bonnet is involved where he is the unit manager whom is the head of the housing unit in which this claim arose from. where plaintiff has submitted more than one-hundred cop-out to Bonnet, about a number of complaints plaintiff has spoken with Bonnet verbally more than thirty times about his attempt to use the Administrative Remedies is being denied where himself Bonnet, and defendant Midgley keep refusing to provide him with an Informal Resolution Form and B-P9, and related Administrative Forms.

Defendant Midgley is involved where he is Correctional counselor for the housing Unit where this claim arose. where plaintiff has submitted more than one-hundred cop-outs to Midgley, about complaints in which would like to be logged on the proper Informal Resolution form, as well verbally presented his complaints to Midgley and requested Administrative Remedy forms.

Defendant Russell is involved were he is the Associate Warden, whom is over the Programs where plaintiff [illegible] submitted more than [illegible] cop-outs to Russell about the Administrative Remedies being inadequate and ineffective and other complaint.

2. The Prison Officials [illegible] retaliation against plaintiff and continue it's Retaliation where plaintiff is being harass by Prison Officials threaten that if plaintiff don't [illegible] with the Program he will rot in Administrative Detention. Has place plaintiff in Administrative detention without due Process. Has assign plaintiff to a work detail to interfer with plaintiff access to the law library. Has assign plaintiff to a [illegible] [illegible] [illegible] to plaintiff request to be assign to a two man or one man cell. Has refuse to provide plaintiff a Job change. Has [illegible] plaintiff disciplinary proceeding different [illegible] from similar [illegible].

Defendant Anderson is involved where he is the warden whom I verbally mention to him and submitted multiple cop-outs to about this Retaliation. Yet he fail to investigate into this complaint.

Defendant Engles is involved where she is the Associate warden whom verbally told me that she would not accept multiple cop-outs from me and that if I don't get with the program I would rot in Administrative Detention, where [illegible] also aware of othe Prison Official Retaliation against me where I have submitted her multiple cop-outs stating such.

Defendant [illegible] is involved where he is the unit manager of the housing unit plaintiff was assign to when this (these) claim arose, where defendant [illegible] told plaintiff that, his caseload [illegible] work and he would not be assign to a [illegible] man cell nor would he be granted a [illegible] change regardless of his health and or [illegible] [illegible]

Defendant Midgley is involved where he is the Correctional Counselor for the housing unit where this claim arose. where plaintiff has presented defendant more than one-hundred cop-outs which consist of a Job change a and to be move to a two man cell. yet defendant verbally told plaintiff that your Black ass don't got nothing coming from him where all plaintiff [illegible] is write copouts and attempt to write people up.

3. The triple celling of inmates in a cell design for two inmates and twelve inmates in a dormitory design to be a television room is unconstitutional. were inmates in a High Security and/or medium Security are supposed to be housed in either a one or two man cells or in the modern design medium security facilities in a one or two man room. The celling of three inmates to a cell and twelve inmates to an dormitory has cause unsanitary, dangerous, health [illegible] needs, and both physical and emotional conditions

Defendant Anderson is involved where he is the Warden. where plaintiff submitted multiple cop-out to Anderson, about the tripple celling of inmates and the placement of twelve inmates in a dormitory is unconstitutional.

Defendant Ronet is involved where he is the Unit manager. where plaintiff has submitted multiple cop-out to Ronet stating that the tripple celling of inmates and the placement of twelve inmates a dormitory is unconstitutional. As well as requested to be moved out of the twelve mans dormitory to a two man cell. And that the tripple celling and twelve men dormitory be stop.

Defendant Midgley is involved where he is the Correctional Counselor. where plaintiff has submitted multiple cop-outs to Midgley requesting to be move to a two men cell.

4. The Prison is severely overcrowed causing tripple celling, housing of twelve

inmates to a dormitory, unsanitary conditions, insufficient showers, insufficient amount of telephones, denial of hygiene supplies, denial of jobs, less pay for work detail and programs.

Defendant Anderson is involved where he is the warden where defendant is aware that the population is severely overcrowded. Yet the defendant has fail to recommend to the Regional Director that a moratorium or population cap be established and or for a partial moratorium is necessary where a complete cessation of all initial designation and redesignation to an institution be made.

Defendant John Doe[1] is involved where he/she is the population manager for the Mid-Atlantic Region.

Defendant Lappin is involved where he is the director of the Federal Bureau of Prison.

5. The Prison officials is negligence in its malpractice by refusing to treat plaintiff hand and back injuries and feet conditions.

Defendant Keiser is involved where he is an Physician whom is aware of plaintiff medical conditions.

Defendant Dr McLain is involved were he is the medical director, and has been inform by plaintiff that he (plaintiff) has yet to received adequate medical treatment for his hand, back and feet.

6. The Prison officials fail to provide me medication for my back injury, were I was told medical do not give out over the counter medicine and over the counter medicine can be purchase through commissary. Even after I explain that I was indigent and could not afford no medicine from commissary I was still denied medicine.

Defendant Heiser is involved where he is the Physician whom plaintiff saw for his back injury (pain).

Defendant Anderson is involved where he is the Warden, and is responsible for the implement of policy and procedure. And for allowing medical to refuse to provide inmate medicine unless they are on an indigent list.

The [illegible] officials are deliberate indifferent to plaintiff and other prisoner medical needs by requiring both plaintiff and all other prisoner to purchase over the counter medicine from commissary.

Defendant Anderson is involved where he is the Warden, and he is allowing such practice to go on.

Defendant Dr McLain is involved where he is the Medical Director and he is also allowing such practice to go on.

Defendant Lappin is involved where he is the Director of the Federal Bureau of Prison and he is allowing such practice to go on.

E. The prison officials is denying plaintiff and other Muslims inmate their right to praticice their Religious belief. Where the defendants will not allow plaintiff and other Muslims to offer prayer on work details, in the common area of the housing units, while at recreation, and or to congreate to make prayer. Where it is obligatory for Muslims to pray at five times and to pray in congregation.

Defendant Dimeeson is involved where he is the warden and is aware of this complaint

Defendant Hutchings is involved where he is the Captain, and is aware of this complaint were he in part is responsible for this denial

Defendant Lang is involved where he is the chaplain and is aware of this complaint

and the required manner Muslims are required to pray.

Defendant Blain is involved where he is the Chaplain, and is aware of this complaint and the required manner Muslims are required to pray.

9. The Prison Officials are discriminating against Plaintiff and other Muslims inmates and other inmates whom would like to attend Jumar (Religious) services, where in order to attend Jumar Muslims and any other inmates whom would like to attend Jumar must have an Jumar card and there name place on a callout every Friday where no other Religious faith group is required to do so.

Defendant Anderson is involved where he is warden, and is aware of this complaint.

Defendant Hutchins is involved where he is the Captain and is aware of this complaint.

Defendant Long is involved where he is the chaplain and is aware of this complaint.

Defendant Blvin is involved where he is the chaplain and is aware of this complaint.

Defendant Russell is involved where he is the Associate Warden for Programs and is aware of this complaint.

6. The Prison officials are forcing plaintiff to choose between purchasing hygienic supplies, photo copies of legal papers and other essential legal supplies were were there has been a number of times plaintiff account and income for the previous thirty (30) days did not exceed seven (7) dollars.

Defendant Ramey is involved where plaintiff has ask defendant several times for legal copies, pens, envelopes, paper and stamps for various legal works that the defendant staff say inmates to purchase what they cannot [illegible] [illegible] [illegible]

Defendant Midgley is involved where plaintiff has ask defendant several times for legal copies, pens, envelopes, paper and stamps. yet defendant states you have to purchase what you can with the money you have,

Defendant Farley is involved where he is the Supervisor of Education where the law Library is an part of Education. Yet he has implemented no alternative source for indigent inmates to received free copies of legal pleadings. yet he has implemented an copy machine that charges fifteen (15) cents per page.

Defendant Blankenship is involved where she is school Principal of Education where the Law Library is an part of Education. Yet she has implemented no alternative source for indigent inmates to received free copies of legal pleadings.

11. The Prison Law Library is inadequate where the Law books are more than eight years old in some areas and four to seven in other areas. An were there is no staff and or train law clerk working in the law library to assist plaintiff and or any other inmates.

Defendant Farley is involved where he is aware of this complaint, and has made no attempt to replace the old outdated books, to hire a train inmate law clerk and or train staff law clerk.

Defendant Blankenship is involved where she is aware of this complaint, and has made no attempts to replace the old outdated books, to hire a train inmate law clerk and or a train staff law clerk.

12. District of Columbia prisoners sentence out of the Superior Court of the District of Columbia access to the courts is

being obstructed and denied were the Prison Law Library does not have District of Columbia Superior Court Criminal Rules, Civil Rules, Jury instructions, and or District of Columbia Court of Appeals Appellate Rules, nor a inmate Law clerk and or staff member that know the District of Columbia Superior Court Criminal Rules Civil Rules Jury Instructions and or District of Columbia Court of Appeals Appellate Rules. Thus making plaintiff and other District of Columbia prisoners post conviction remedies impossible to file in a timely and or in a meaningful manner.

Defendant Blankenship is involved where She is the School Principal of Education where the Law library is a part of. And where plaintiff has verbally presented this same claim to defendant.

Defendant [illegible] is involved where he is the Supervisor of [illegible] where the Law library is a part of. [illegible] where plaintiff has [illegible] the [illegible] [illegible]

Defendant Flores [illegible] where he is the [illegible] and where plaintiff [illegible] reports to the [illegible] complaint.

3. Inmates being housed in Administrative Detention is being denied access to the court's [illegible] inmates are only allowed [illegible] inches of legal materials [illegible] from the [illegible] department [illegible] of legal books and or legal materials to inmates in Administrative Detention. There are no available [illegible] to obtain legal materials from the law library [illegible] is inadequate where [illegible] law books and other legal materials.

Defendant Blankenship is [illegible] where [illegible] is the [illegible] were [illegible] Defendant and submits multiple reports to the defendant [illegible] defendant [illegible]

Defendant [illegible] is involved where he is the supervisor of [illegible] who [illegible] the [illegible] in part of.

14. The prison officials has placed plaintiff in administrative detention without due process and continue to do so in retaliation for the good faith filing of multiple [illegible] attempts to file administrative remedies, and verbally complaints to various prison officials, knowing that plaintiff is being placed in administrative detention without due process.

Defendant Anderson is involved where he is the warden, [illegible] plaintiff has submitted multiple [illegible] to the defendant about this complaint and where defendant is a part of the conspiracy to conspire retaliation against plaintiff.

Defendant Russell is involved where he is the associate warden of programs, and where plaintiff has submitted multiple [illegible] to defendant about this complaint.

Defendant [illegible] is involved where he is the captain and where [illegible]

multiple [illegible]
[illegible]

defendant [illegible] [illegible] is the manager and whom plaintiff has submitted multiple [illegible] to defendant about this complaint and [illegible] defendant is part of the conspiracy to conspire retaliation against plaintiff.

Defendant [illegible] [illegible] [illegible] [illegible] defendant [illegible] [illegible] [illegible] comp [illegible] [illegible] against plaintiff.

Defendant [illegible] is involved [illegible] [illegible] part of the conspiracy [illegible] against plaintiff.

15. The [illegible] establish an adequate training program [illegible] [illegible] [illegible] and the [illegible] [illegible] [illegible] [illegible]

[illegible] the [illegible] [illegible] inmates [illegible] or other [illegible] services to inmates especially inmate [illegible] [illegible]

Defendant [illegible] is the warden, and he is aware of the [illegible] [illegible] [illegible] [illegible] [illegible]

Defendant [illegible] is [illegible] [illegible] [illegible] Prison, and he is aware of the [illegible] [illegible] inmate [illegible] [illegible] [illegible] [illegible] 3 [illegible]

Defendant [illegible] is [illegible] where he is the Captain, and he is aware of the [illegible] [illegible] inmate committed suicide on or [illegible] [illegible] [illegible]

Defendant Dr. Ellis is [illegible] where he is the [illegible] [illegible], and he is aware of the [illegible] that an inmate committed suicide on or about [illegible] [illegible]

16. The Prison Officials acted with reckless indifference when it was known to the [illegible] Prison officials and other inmates that the inmate [illegible] committed suicide on or about March 3, 2004; displayed suicidal tendencies and even made one or more prior attempts during the week of March 3, 2004 to commit suicide, where the Prison Officials fail to provide the inmate with any type of counseling and psychological help.

Defendant Haeckel [illegible] is involved where he is the warden and is aware of this complaint.

Defendant Hutchings is involved where he is the Captain, and through his staff member it became known to him that the inmate whom committed suicide on or about March 3, 2004; made atleast one or more prior attempts to commit suicide during the week of March 3, 2004.

17. The Prison officials [illegible] fail assign plaintiff [illegible] a mental health [illegible] despite plaintiff [illegible] request to be [illegible]

in retaliation for plaintiff good faith filing of report verably complaining about the prison conditions and plaintiff attempt to use the administrative remedies.

Defendant Russell is involved where he is the Associate Warden of Programs, and where plaintiff submitted this complaint to defendant by way of multiple request.

Defendant Engles is involved where she is the Associate Warden and oversees the housing unit where this complaint arose and where plaintiff [illegible] submitted this complaint to defendant by way of multiple request.

Defendant Ronat is involved where he is the Unit Manager where this complaint arose and where defendant knowingly and intentionally assign plaintiff to a twelve men dormetory despite plaintiff request to be assign to a two men cell where one was available, and where plaintiff submitted multiple request to defendant requesting to be move out of the twelve men dormetory into a cell.

Defendant [illegible] is involved where he is the counselor in the housing unit where this complaint arose and where defendant knowingly and intentionally refuse to move plaintiff from the twelve man dormitory despite plaintiff submitting multiple request to defendant requesting to be move out of the twelve man dormitory to a two man cell where there are [illegible] number of two man cells with only one inmate in them.

4. The prison official has failed to ensure that the work assignments are racially balanced.

Defendant [illegible] is involved where he is the Associate Warden of Programs and is aware of the racially unbalance work assignments.

Defendant [illegible] is involved where he is plaintiff's Unit Manager and is responsible for ensuring that work assignments are racially balanced and is responsible for assigning white inmates and [illegible] [illegible] jobs of their choice and [illegible] [illegible] against plaintiff [illegible] [illegible] assignments.

Defendant Mingler is involved where he is plaintiff counselor and is responsible for ensuring that work assignments are racially balanced. And for discriminating against Plaintiff for work assignments.

19. The Prison officials [illegible] and intentionally confiscated and [illegible] destroyed plaintiff personal property.

Defendant Foster is involved where he is the officer whom was responsible for inventory and packing plaintiff property.

20. The Prison officials allow plaintiff to be assaulted by an Prison official and fail to take any action on plaintiff claims.

Defendant [illegible] is involved where he is the Warden and where plaintiff submitted the complaint or a report to the defendant.

Defendant Hutchings is involved where he is the Captain and where plaintiff submitted the complaint or a report to the defendant.

Defendant Pritt is involved where he is the one whom actually assaulted plaintiff by punching plaintiff in the side and by pulling plaintiff arm through the food slot while one of plaintiff arms were still handcuffed.

31. Officer Donell Pritt knowingly and Intentionally wrote and false incident report up on plaintiff in order to or attempt to cover up [illegible] material fact where he assaulted plaintiff

Defendant Pritt is involved were he is the one whom wrote the false incident report and assaulted plaintiff.

32. The defendants are maintaing incorrect information in plaintiff files, and has used the incorrect information to make decision adverse to plaintiff and to adversely effect plaintiff and has [illegible] to correct the incorrect information.

Defendant Rorrick is involved where he is plaintiff [illegible] manager and has first-hand knowledge of this complaint by plaintiff [illegible] presenting this complaint to defendant.

and by defendant knowledge that plaintiff has [illegible] and [illegible] claim are related Administrative Remedies on the Subjects.

Defendant Burlingame is involved where he is the Regional Counselor whom [illegible] in the denial of my tort claim.

32. The Hilton [illegible] is denying plaintiff to participate in [illegible] program order by the court by refusing to put plaintiff in for an Educational transfer to an [illegible] other than [illegible] Facility that has an Residential Drug Program where plaintiff has [illegible] meet the necessary criteria for Admission and signed agreement to participate in a Residential Drug Program and where plaintiff is within thirty-six months of his projected released date,

Defendant Murray Ph.D. is involved where he is the Residential Drug Abuse Treatment Coordinator, whom has fail to make an [illegible] [illegible] [illegible] clear that plaintiff meet the [illegible] ments and has signed an agreement [illegible]

participate in the Residential Drug Treatment Program. As well as submitted an reply on the defendant requesting an transfer to another Facility to participate in the Residential Drug Treatment program.

Defendant Ronat is involved where he is plaintiff Unit Manager and has failed to act on plaintiff request to be transfered to another Facility to participate in the Residential Drug Treatment Program.

55. The prison official are forcing plaintiff to participate in the Inmate Financial responsibility program due to a court assessment imposed more than eight years ago. Although the court did not specify when plaintiff was to pay the assessment and or the prison official to act as an collection agency for the court.

Defendant Ronat is involved where he is plaintiff Unit manager and has failed to exempt plaintiff from the Inmate Financial [illegible]

more than eight (8) years ago and the court did not state that plaintiff must pay the accessment while incarcerated and nor as the Prison officials to act as an collection agency for the court.

36. The Prison officials has fail to act of plaintiff request that a sepration be place between plaintiff an officer D. Pritt, where plaintiff has submitted multiple request to requesting that officer Pritt be kept away from him where plaitiff was assaulted by officer Pritt, officer Pritt refused to feed plaintiff, and stated to plaintiff don't "your Black ass be the next one whom is found to have committed suicide in there cell.

Defendant Andersan, is involved where he is the warden, and plaintiff has submitted multiple request to the defendant requesting to be seperated from officer Pritt.

Defendant Russell is involved where he is the Associate warden, and plaintiff has verbally requested to the defendant and submitted multiple request to defendant requesting to be seperated from Officer Pritt.

Defendant Hutchings, is involved where he is the Captain, and plaintiff has verbally requested to defendant and submitted multiple request to defendent requesting to be seperated from officer Pritt.

Defendant Ronut, is involved where he is an Unit manager, and plaintiff has verably requested to defendant and submitted multiple request to defendant requesting to be seperated from officer Pritt.

Defendant Lappin is involved where he is the Director of the Federal Bureau of Prison and plaintiff has submitted an letter to him requesting to be Seperate from Officer D. Pritt.

37. The Prison Officials due not have camera's install in the Administrative Detention unit nor are video camera's use when placing an inmate in or removing an cell.

Defendant Anderson is involved where he is the warden and where he is aware that there are no camera's in the Administrative Detention and no video camera's are use.

Defendant Hutchings is involved where he is the Captain whom is responsible for security and where he is aware that there are no camera's in Administrative Detention and video camera's are not use.

38. The Prison officials when placing inmate in a cell and or removing and inmate from a cell in Administrative Detention place the inmate in the cell and remove the inmate from the cell with handcuffs or where the other inmate in the cell is never handcuffed.

Defendant Hutchings is involved where he is the Captain, whom is responsible for security.

39. The Prison officials only issue inmates hygiene supplies once a month.

Defendant Clifton is involve where he is the laundry supervisor who is aware of this practice.

40. The Prison officials are charging inmates prices in commissary more than people in society pay for the same items.

Defendant Clifton is involved where he is the commissary supervisor whom is aware of the prices.

41. The Prison officials are charging inmates higher prices for long distance phone calls than people in society pay for long distance phone calls.

Defendant Lappin is involved where he is the Director of the Federal Bureau of Prison an is aware of phone cost for long distance phone calls.

42. The Prison officials do not allow plaintiff an a number of other D.C. code offender earn good time and or educational good time where other federal prisoners are given earn good time and educational good time.

Defendant Russell is involved where he is the Associate Warden of Programs and he is aware that D.C. code offender aren't being given good time.

43. The Prison officials has yet to comply with its Affirmative Action Program Policy where there are very few Black staff employees and or other minority.

Defendant Anderson is involved where he is the warden and has made no attempt to implace an Affirmative Action Program.

Defendant Lappin is involved where he is the Director of the Federal Bureau of Prisons in which FCI Beckley is one of the Prisons.

44 Plaintiff has been place in Administrative Detention without due Process where the Prison knowingly an Intentionally fail to provide plaintiff an Initial Hearing within three workdays for an disciplinary report.

Defendant Bonut is involved where he knew that plaintiff was not provided an Initial Hearing within three working days.

Defendant Engles is involved where she submitted an approval for extension of time after the fact was established that plaintiff was not provided an Initial Hearing within three workdays. And without providing me an copy of the reason for an extension.

45. Plaintiff was deprived of an [illegible] right to an fair Disciplinary Hearing were Officer James submitted an knowing false statement to the Disciplinary Hearing Officer.

Defendant James is involed where he is the officer, whom knowingly and Intentionally submitted an knowingly false statement to cover up an material fact of an act committed by one of his fellow officer Pritt.

46. The Prison officers knowingly and Intentionally treated plaintiff differently than similar prisoner by knowingly and Intentionally held plaintiff in Administrative Detention for forty days before plaintiff was even attended on Disciplinary hearing, where petitioner was not even given credit for the forty days he spent prior to seeing the Disciplinary Hearing officer.

Defendant Anderson is involved where he is aware that plaintiff spent forty days in Administrative Detention prior to seeing the Disciplinary Hearing officer.

Defendant Hutchings is involved were he is the Captain an allow such to take place.

47. The Prisons officials has failed to in place an entrance and exist to food service and or a table for wheelchair prisoners.

Defendant Anderson is involved where he fully aware of this issue.

Defendant Greenwalt, is involved where he is the Food Service Director.

48. The Prison officials are treating petitioner differently than similar prisoner by not providing plaintiff with services from an counselor, case manager and or unit manager.

Defendant Anderson is involved where plaintiff has submitted several cop-outs to defendant stating that his unit team refuses to come out to see him and or respond to his requests

49. The Prison Officials are deliberately Indifferent to Plaintiff safety and Life, By refusing to place and

between officer Pritt whom plaintiff has specificaly stated that he was assaulted by officer Pritt, and officer Pritt has threat plaintiff on at least one or more instances that he will kill plaintiff.

Defendant Anderson is involved where plaintiff has submitted several cop-outs to defendant stating that he would like for an seperation to be place between officer Pritt and himself. Base on officer Pritt assaulting plaintiff and threaten plaintiff.

Defendant Hutchings is involved where plaintiff has submitted several cop-outs to defendant requesting to be seprated from officer Pritt were officer Pritt assaulted him, threaten him as well as officer Pritt has falsely accused plaintiff of assaulting him.

V. RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

1. That the defendants stop retaliating against plaintiff for his good faith filing of request and attempts to use the administrative remides

2. That the defendants allow muslim inmates to make congration prayer in the Housing unit common area, at work and while at recreation

3. That District of Columbia Superior Court Criminal Rules and Appellate Rules be used.

4. For the court to issue an Emergency Injunction order [illegible] defendants to stop Harassing plaintiff and Retaliating against plaintiff.

5. For the court to issue an order [illegible] the Director of the Bureau of Prison [illegible] Harley Lappin [illegible] appropriate Federal Bureau of Prison to have plaintiff transfered [illegible] another FCI [illegible] [illegible] and the [illegible] [illegible]

6. That an [illegible] Team be [illegible] [illegible] FCI Beckley [illegible] summon the contents of this complaint which shall consist of interviewing inmates

7. That the defendants be order to stop interfering and ignoring plaintiff and other inmates attempts to exhaust their Administrative Remedies.

8. That the defendants stop housing three inmates in a two man cell and [illegible] [illegible] in [illegible] [illegible] design to be a [illegible] cell.

9. That the Director of the Bureau of Prison place moratorium or population cap on FCI Beckley and establish a [illegible] moratorium.

10. That the defendants stop charging inmates for medicine

That the defendants provide plaintiff adequate medical treatment for his head, back and [illegible]

11. That the Prison official allow plaintiff and all other Muslims to practice their Regilious belief in accordance with the proscibed manner. In which consist of making congregational prayers which may be necessary to make in the housing unit common areas, and on work details.

12. That the Prison officials allow plaintiff all other Muslims and any other inmate whom which to attend Jumar on Friday be allowed to attend without having an pass and or having their name place on a call out.

13. That the Prison officials stop forcing plaintiff to choose between purchasing hygienic supplies, photo copies of legal papers and other essential legal supplies when there come any time when plaintiff is indigent an or plaintiff account do not exceed seven dollars for the previous 30 days.

14. That the defendants update the Law books in the Law Library and to assign a train staff and or inmate clerk to work in the Law Library.

15. That the Defendants allow inmates whom are being house in Administrative Detention be allowed to posses as much of there legal papers and other material as relevant to there pending cases.

16. That the Defendants up grade the Law Library in Administrative Detention and set up some type of programs for inmates in Administrative Detention to be able to obtain Xerox copies of Legal books, cases, rules and or other Legal materials from the regular Law Library.

17. That the Defendants [illegible] an Suicidal prevention Program.

18. That the defendant assign plaintiff and all other inmates to a two man cell.

19. That the Defendants ensure that all of the work assignment are racially balanced

20. That the Defendants replace all of plaintiff personal property lost on or about February 7, 2004,

21 That the Defendants suspend officer Pritt for thirty days with pay for assaulting plaintiff.

22. That the Defendants remove the False incident report officer Pritt wrote on plaintiff on or about [illegible] 7, 2004.

23. That the Defendants correct the incorrect information in plaintiff files.

24 That the Defendants transfer plaintiff to another facility in order to participate in the Residential Drug treatment Program.

25. That the Defendants install cameras in the Administrative Detention housing unit.

26. That the Defendants provide inmates with hygenic supplies as needed.

27. That the Defendants lower its commissary prices consistent with the prices in the stores in society.

28. That the Defendants lower its long distance phone rate consistent with the long distance phone rate in society.

29. That D.C. code offender be awarded good time credit.

30. That the Defendants establish and Affirmative Program consist with it's policy.

31. That the Defendant make available an video cameras for Administrative detention inmates.

32. That plaintiff be exempt from the Inmate Financial Responsibility Program.

33. That the Defendant stop acting as an collection Agency for the Court (the Super Court of the District of Columbia) etc.

34. That the Disciplinary report plaintiff received on April 7, 2004, Be removed from plaintiff files.

35. That officer James be reprimanded for providing an knowingly false statement to the Disciplinary Hearing Officer.

36. That the Prison Officials make available an entrance and a exit for wheelchair prisoners And a table in Food Service.

37. That the Prison Officials place an Seperation between Plaintiff and Officer Pritt where plaintiff has been assaulted by officer Pritt and continues to be threaten by officer Pritt And where plaintiff states that [illegible] [illegible] [illegible] [illegible] being house

around. officer Pritt. Thus either officer Pritt and or Plaintiff should be transferred out of FCI Beckley as soon as possible.

38. That the Prison officials provide plaintiff assistance from an Unit Team other than his current assign you team where ~~they are named as an defendant case.~~

39. That plaintiff be awarded 500.000 Five-Hundred Thousand dollars for monetary damages. (Paid by defendant(s)).

40. That plaintiff be awarded 500.000 Five-Hundred Thousand dollars for Punitive damages. (Paid by defendant(s)).

VII. Counsel:

A. If someone other than a lawyer is assisting you in preparing this case, state the persons name:

N/A